```
 1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
    SIDNEY J. COHEN PROFESSIONAL CORPORATION
 2  427 Grand Avenue
    Oakland, CA  94610
 3  Telephone:  (510) 893-6682
    Facsimile:   (510) 893-9450
 4
    Attorneys for Plaintiff
 5  HOLLYNN DELIL
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HOLLYNN DELIL<br><br>    Plaintiff,<br><br>v.<br><br>MARIG0LD, LLC; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____ / | CASE NO.   C 09-01655 JCS<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES;  DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§§ 54, 54.1, 55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER  TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990, 42 USC §§12181. et. seq.**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Complaint for Damages, Injunctive Relief, etc.                    -1-

Plaintiff Hollynn Delil complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION**
(§§19955 Et. Seq., Health & Safety Code, §54.1, Et. Seq. Civil Code)

1. Plaintiff Hollynn Delil is a "person with a disability" or "physically handicapped person."[1] Ms. Delil requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial of disabled accessible parking, "paths of travel," entrances, restrooms, signage, and related facilities to Ms. Delil and other disabled persons at and in the shopping center at 186 North Main Street and 7141 Wilton Avenue Sebastapol, California. Ms. Delil was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Ms. Delil was denied her rights to full and equal access at the shopping center because the exterior and interior were not, and are not, properly accessible to disabled persons such as Ms. Delil who use wheelchairs. Ms. Delil seeks injunctive relief to require Defendants to make the exterior and interior of the shopping center accessible to disabled persons in compliance with federal and state disabled access statutes and regulations and to ensure that any disabled person who attempts to use the shopping center will be provided accessible parking, "paths of travel," entry, restrooms, signage and related proper accessible facilities. Ms. Delil

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§51, 52, 54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

also seeks recovery of damages for her physical and personal injuries and discriminatory experiences and seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*, Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Ms. Delil's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Ms. Delil's causes of action arose in said intradistrict.

6. Defendants and DOES 1-5, Inclusive, are the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject property and facilities which are the subject of this action. The property, and facilities is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and the California Civil Code Disabled Person's Act. The property and facilities have, since July 1, 1970, either been constructed and/or undergone "alterations, structural repairs, or additions" subjecting them to disabled access requirements per §19959 Health & Safety Code.

7. The true names and capacities of Defendants DOES 6 through 10, Inclusive, are unknown to Ms. Delil who therefore sues said Defendants by such fictitious names; Ms. Delil is informed and believes that each of the Defendants

herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and the cause of injury and damages proximately to Ms. Delil. Ms. Delil prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-10, Inclusive, are and/or were the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject property, and facilities during all times relevant to this Complaint. Ms. Delil is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Ms. Delil and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Health & Safety Code §19955 et. seq. Ms. Delil is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the City of Sebastopol, County of Sonoma, State of California.

10. §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include shopping centers. §19955 Health & Safety Code also requires that, "When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations, formerly known as the California Administrative

1  Code, was in effect at the time of new construction and/or each alteration which
2  occurred at such public facility since July 1, 1982, thus requiring access complying
3  with the specifications of Title 24 whenever there is such new construction or
4  whenever each such "alteration, structural repair or addition" is carried out.  On
5  information and belief, the original construction of the building and alterations,
6  structural repairs, or additions which additionally triggered access requirements also
7  may have occurred between July 1, 1970 and July 1, 1982, and required access
8  pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

9        11.    Ms. Delil, who requires the use of a wheelchair for mobility and who
10 on occasion during the past two years has shopped on the first floor of the shopping
11 center by entering the Main Street entrance, has encountered numerous barriers to
12 access which has prevented her 1) from being able to park in the parking lot in the
13 rear of the building ( off Wilton Street),  2) from being able to gain access to
14 shopping on the second floor of the shopping center on certain occasions, and 3)
15 from being able to gain access to the second floor on other occasions on a full and
16 equal basis with persons who do not require a wheelchair for mobility.

17       12.    With respect to the barriers to access that have prevented Ms.Delil
18 from parking in the parking lot at the rear of the building, Ms. Delil observed that
19 there are parking space and access aisle barriers that violate federal and state
20 disabled access statutes and regulations and that do not permit her to park in the lot.
21 In this regard, the parking space and access aisle which is designated as "accessible"
22 has a severe cross slope which makes it inaccessible and dangerous for persons
23 such as Ms Delil who use wheelchairs. In addition, the "accessible" parking space
24 obstructs the path of travel from the street to the Wilton Street entrance to the
25 building, and there is no accessible path of travel on the exterior of the building
26 from the Wilton Street building entrance to the Main Street building entrance.

27       13.    With respect to the interior of this two story shopping center, Ms. Delil,
28

Complaint for Damages and Injunctive Relief     -5-

who has on occasion entered the ground street level of the Center from the Main Street entrance, has encountered, among others, the following barriers to access: a stairway to the second floor level of shopping which she and other persons who require a wheelchair for mobility could not and cannot use; and a path of travel to the elevator at the back of the building which goes to the second floor which did not, and does not, comply with applicable laws and regulations. In this regard, the only possible path of travel from the Main Street entrance to the elevator at the back of the building for persons such as Ms. Delil who use wheelchairs was, and remains, through a private storage room and/or other private space which could be, and can be, accessed only through store[s] on the ground level, in violation of applicable laws and regulations. Not only was this path of travel not intended for use by members of the public such as Ms. Delil who use wheelchairs, in fact on certain occasions Ms. Delil was precluded from using this path of travel. In addition, on information and belief, the slope of certain of the ramps on this path of travel are in excess of the 8.33% maximum slope permitted by federal and state laws and regulations.

14.    On or about June 24, 2008, Ms. Delil met with Ron Basso, (a representative of Marigold, LLC) and City representatives. Among other things, Ms. Delil pointed out both the parking lot barriers to access and the path of travel barriers to access to the elevator which goes to the second floor. Despite this meeting and Ms. Delil's subsequent efforts,1) the parking lot remains inaccessible to persons who require the use of wheelchairs, in violation of federal and state disabled access laws and regulations, and 2) there remains path of travel from the Main Street entrance to the elevator in the back of the building which complies with federal and/or state disabled access laws and regulations.

15.    In addition, the shopping center is inaccessible to persons with disabilities in other aspects in violation of Federal and State law, including but

not limited to the following: lack of signage and lack of accessible entries to the center. The exterior and interior of the property and premises should be brought into compliance with all applicable federal and state disabled access laws and regulations.

16. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of California Civil Code's Disabled Person's Act,, thus independently justifying an award of damages and injunctive relief pursuant to California law.

17. **INJUNCTIVE RELIEF:** Ms. Delil seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Ms. Delil and other members of the public who are physically disabled wheelchair users from full and equal access to the shopping center and its facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Ms. Delil in that these actions continue to treat Ms. Delil as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Ms. Delil is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this shopping center and its facilities. Until Defendants make the shopping center and its facilities accessible to and useable by Ms. Delil, she is deterred from returning to portions of the shopping center and facilities. Ms. Delil wishes to return to such portions of the shopping center and facilities as soon as they are accessible to her in compliance with federal and state disabled access laws and regulations. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Ms. Delil if not enjoined by

this court.

18. **DAMAGES:** As a result of the denial of equal access to the shopping center and its facilities, and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, franchising, constructing, altering, and maintaining the shopping center and its facilities, Ms. Delil suffered a violation of her Civil Rights including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered physical injury, discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against Ms. Delil on the sole basis that she was physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the shopping center and its facilities on a full and equal basis as other persons. Ms. Delil also seeks trebling of all actual damages, general and special, as provided by said Civil Code.

19. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Ms. Delil has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Ms. Delil's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Ms. Delil therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of said Civil Code. Additionally, Ms. Delil's lawsuit is intended not only to obtain compensation for damages to Ms. Delil, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

20. Wherefore Ms. Delil asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Ms. Delil and

to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code's Unruh Act and Disabled Person's Act, and other law. Ms. Delil further requests that the court award damages pursuant to California Civil Code's Unruh Act and Disabled Person's Act and other law and statutory costs and attorney fees pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Ms. Delil prays for relief as hereinafter stated:

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §12101FF**

21. Ms. Delil repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 20 of this Complaint, and incorporates them herein as if separately repled.

22. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

23. Congress stated as its purpose in passing the Americans with

Complaint for Damages and Injunctive Relief                      -9-

Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

24.   As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff).

25.   Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

26.   Among the specific prohibitions against discrimination were included: <u>§302(b)(2)(A)(ii)</u>: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

<u>§302(b)(2)(A)(iv)</u>: "A failure to remove architectural barriers, and communication

barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Ms. Delil's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

27. The removal of each of the barriers complained of by Ms. Delil as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Access in certain particulars were also required by either new construction and /or alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

28. As of the date of Ms. Delil's visit, and as of the date of the filing of this Complaint, the premises denied full and equal access to Ms. Delil and to other disabled wheelchair users and violated Ms. Delil's rights to full and equal access and which discriminate against Ms. Delil on the basis of her disability, thus wrongfully denying to Ms. Delil the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises continue on a day to day basis to deny Ms. Delil and other disabled persons such full and equal access.

29. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Ms. Delil is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. Delil is being subjected to

discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Ms. Delil and of other disabled persons to access this public accommodation since on or before Ms. Delil's visit. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

30.   Ms. Delil seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms. Delil is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the facilities.

Wherefore Ms. Delil prays for relief as hereinafter stated:

**PRAYER**

1.   Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees of the shopping center and facilities to modify the above described facilities so that each provides full and equal access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Ms. Delil and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2.   Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer

occur, and will not recur;

3. Award to Ms. Delil all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, and treble damages pursuant to Civil Code Sections 54.3.

4. Award to Ms. Delil a reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: April 15, 2009               SIDNEY J. COHEN
                                    PROFESSIONAL CORPORATION

                                          /s/ Sidney J. Cohen
                                    By _____
                                       Sidney J. Cohen
                                       Attorney for Plaintiff Hollynn Delil

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:  April 15, 2009              SIDNEY J. COHEN
                                    PROFESSIONAL CORPORATION

                                          /s/ Sidney J. Cohen
                                    By _____
                                       Sidney J. Cohen
                                       Attorney for Plaintiff Hollynn Delil